# In the United States Court of Federal Claims

No. 17-1005
(Filed: November 12, 2021)

| | | |
|---|---|---|
| BARRY C. JOHNSON, Plaintiff, v. THE UNITED STATES, Defendant. | * | Motion for Judgment on the Administrative Record; 10 U.S.C. § 3914; Army Regulation 635-200 ¶ 2-6(b); Justiciability |

*Charles Davidson Swift*, Swift & McDonald, P.S., Richardson, TX, counsel for Plaintiff.

*Daniel Kenneth Greene*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**OPINION AND ORDER**

**DIETZ, Judge.**

Plaintiff Barry C. Johnson brings this claim against the United States for retirement pay following his involuntary separation from the United States Army (the "Army"). Johnson contends that, because he reached twenty years of service while a recommendation for his separation was pending, an Army regulation required the Army to afford him the opportunity to request retirement in lieu of separation. The government argues that the regulation applies only if a servicemember has reached twenty years of service *before* being recommended for separation. Before the Court are the government's motion to dismiss under Rules 12(b)(1) or 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") or for judgment on the administrative record, and Johnson's cross-motion for summary judgment. Though Johnson's claim survives the government's motion to dismiss, the Court finds that the Army correctly interpreted its regulation. Accordingly, the government's motion for judgment on the administrative record is **GRANTED**. Johnson's cross-motion is **DENIED**.

## I. BACKGROUND

The facts material to the legal question at issue are undisputed and relatively few in number. *See* Pl.'s Cross-Mot. at 2 n. 1, ECF No. 12 ("Plaintiff . . . does not dispute the accuracy of the administrative record and agrees that there is no area of genuine factual dispute[.]"). They pertain almost entirely to the chronology of three events—a recommendation that Barry Johnson

be separated from the Army, Johnson's reaching twenty years of service creditable towards retirement, and Johnson's ultimate separation—and their effect on the applicability of Army Regulation 635-200 ¶ 2-6(b).

> Army Regulation 635-200 ¶ 2-6(b) provides:
>
> *b.* A Soldier who *has completed* 20 or more years of active service creditable toward retirement and for whom separation *is recommended* to HQDA will be given the opportunity of applying for retirement.
>
> (1) He/she will be told that authority to submit the application does not assure that it will be approved.
>
> (2) DA Form 2339 (Application for Voluntary Retirement) will be attached when the case is sent to HQDA or a statement will be included that the Soldier was given the opportunity but declined to apply for retirement.

Army Reg. 635-200 ¶ 2-6(b) (2005) (emphasis added).

By way of further factual background, Johnson enlisted in the Army Reserve on November 4, 1991. Compl. ¶ 10. Johnson periodically accrued time creditable towards active service before officially beginning active service on October 10, 1992. *Id.* ¶¶ 10-12. On August 3, 2011, Johnson submitted a request to retire effective June 30, 2012, *id.* ¶ 17, pursuant to an Army regulation that allows a soldier with nineteen years of creditable service to request prospective retirement upon completion of twenty years of service—the time at which a soldier is "eligible, but not entitled, to retire upon request." Army Reg. 635-200 ¶ 12-7(a) (2005); *see also* 10 U.S.C. § 3914. At the time of his request, Johnson had approximately nineteen years and two months of creditable service and was due to reach the twenty-year mark on or about June 5, 2012. Compl. ¶¶ 17, 25.

In the months prior to Johnson's retirement request, he received two non-judicial punishments ("NJPs") for assault against a fellow officer and for use of marijuana. Compl. ¶¶ 14-16. On September 7, 2011, the Army informed Johnson that it had initiated administrative separation proceedings based on the conduct that led to Johnson's NJPs. Compl. ¶ 18. Because of these proceedings, the Army denied Johnson's retirement request on November 3, 2011. *Id.* ¶ 19.

On December 7, 2011, a separation board convened and recommended Johnson for discharge under honorable conditions for his wrongful use of marijuana (though it found that he had not committed the alleged assault). *Id.* ¶¶ 20-21; AR 127.[1] Because Johnson had completed more than eighteen years of active service, Army regulations required the separation board's recommendation to be sent to the Secretary of the Army's office at Army Headquarters

[1] The Court cites to the Administrative Record, filed by the government at ECF Nos. 8-9, as "AR ___."

("HQDA") for approval. Compl. ¶ 22; Army Reg. 635-200 ¶ 2-12(c)(2) (2005). The Army sent the separation paperwork to HQDA on February 16, 2012, AR 12 ¶ 16, at which time Johnson had completed approximately nineteen years and eight months of creditable service. Compl. ¶ 23.

On September 11, 2012, the Assistant Secretary of the Army (Manpower and Reserve Affairs) approved the separation board's recommendation for Johnson's administrative discharge from the Army. Compl. ¶ 28. Johnson was formally separated on September 28, 2012. *Id.* ¶ 29. At the date of discharge, Johnson had completed approximately twenty years, four months, and twenty-eight days of creditable service, having surpassed twenty years of service on or about June 5, 2012, while the separation board's recommendation was pending before HQDA.[2] *Id.* ¶¶ 27-29.

## II. PROCEDURAL HISTORY

In 2015, Johnson petitioned the Army Board for Correction of Military Records ("ABCMR") to upgrade his characterization of service to honorable, change his reason for separation to retirement, and increase his grade at separation. AR 4. Johnson argued that the Army, by not informing Johnson or the Secretary of Johnson's eligibility to request retirement in lieu of separation upon reaching twenty years of service, violated the mandatory language of Army Regulation 600-235 ¶ 2-6(b) that "[a] soldier who has completed 20 or more years of active service creditable toward retirement and for whom separation is recommended to HQDA will be given the opportunity of applying for retirement." AR 26-27. Though he had not yet reached twenty years of service when the separation board submitted its recommendation to HQDA, Johnson argued that the requirements of ¶ 2-6(b) should have applied because it was foreseeable that Johnson would reach twenty years of service, as indeed proved true, "prior to Secretarial action on the request to administratively discharge him." AR 27. As a result of the perceived error, "the separation authority did not have the ability to consider approving retirement as an alternative to administratively separating [Johnson] as required by regulation." AR 28.

The ABCMR denied Johnson's petition in 2016. AR 3. Regarding the alleged violation of Army Regulation 600-235 ¶ 2-6(b), the board stated:

> In accordance with the governing regulation, Soldiers <u>who have completed 20 or more years and for whom separation is recommended to HQDA will be given the</u>

---

[2] The dates and calculations of creditable service as stated in Johnson's complaint do not appear to add up mathematically. *Compare, e.g.*, Compl. ¶ 28 (stating that Johnson had twenty years, three months, and five days of service on September 11, 2012), *with id.* ¶ 29 (stating that he had twenty years, four months, and twenty-eight days of service on September 28, 2012). Regardless, the government uses Johnson's calculations for the purposes of its motion, and there does not seem to be any question that Johnson achieved twenty years of service after he was recommended for separation but before the separation was approved. Only the sequence of these events, not their exact timing, is relevant to this dispute.

> opportunity of applying for retirement. At the time the action was submitted to HQDA [Johnson] had 19 years, 8 months, and 13 days of active federal service.

AR 17 ¶ 10 (emphasis in original). The board concluded that Johnson's "administrative separation was accomplished in compliance with applicable regulations with no indication of procedural errors which would have jeopardized his rights."[3] AR 17 ¶ 11.

Johnson brought his complaint in this Court on July 27, 2017, renewing his claim that the separation procedure violated Army Regulation 635-200 ¶ 2-6(b). *See generally* Compl. Specifically, Johnson argues that "if a soldier reaches twenty years of service prior to separation, then Paragraph 2-[6(b)] of AR 635-200 further requires that the soldier must be offered the opportunity to submit a request for retirement . . . as an alternative to administrative separation or continued service." *Id.* at 6. As a result of the alleged regulatory violation, Johnson seeks the value of his "lost military retirement benefits," estimated to be $194,872. *Id.* at 13-14.

The government filed a motion to dismiss Johnson's complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction or under Rule 12(b)(6) for failure to present a justiciable controversy. *See generally* Def.'s Mot., ECF No. 7. Alternatively, the government moves for judgment on the administrative record, arguing that Army Regulation 635-200 ¶ 2-6(b) applies only to a soldier who has reached twenty years of service before being recommended for separation.[4] *Id.* at 16-17. Johnson puts forth his opposing interpretation in his cross-motion for summary judgment, which the Court treats as a cross-motion for judgment on the administrative record due to the presence of an administrative record in this case. *See* RCFC 52.1 Rules Committee Note (2006 Adoption) ("Summary judgment standards are not pertinent to judicial review upon an administrative record."); *Hwang v. United States*, 94 Fed. Cl. 259, 268 (2010), *aff'd* 409 F. App'x 348 (Fed. Cir. 2011) (treating a motion for summary judgment as a motion for judgment on the administrative record).

## III. DISCUSSION

Johnson's claim presents a justiciable controversy within this Court's jurisdiction. Johnson alleges that the Army committed a procedural error in violation of its own regulations, thereby depriving Johnson of monetary compensation under a statute that mandates payment in certain circumstances. This Court has the jurisdiction and competence to hear such a claim. Further, though the Court cannot provide Johnson the relief he requests, which would require the Court to infringe impermissibly upon a discretionary task reserved for the military, it is within

---

[3] The board also denied Johnson's challenge to the urinalysis that resulted in a positive test for marijuana. *See* AR 16-17. Johnson does not challenge the urinalysis in the present action.

[4] The parties also filed supplemental briefs regarding deference to the military's interpretation of its own regulations following the Supreme Court's decision in *Kisor v. Wilkie*, 139 S.Ct. 2400 (2019). *See* ECF Nos. 16-17. The Court does not reach the question of whether deference is appropriate because the government argues, and the Court agrees, that the meaning of the regulation can be determined without the need to resort to deference to Army's interpretation. *See Bullock v. United States*, 10 F.4th 1317, 1322 n.1 (Fed. Cir. 2021).

the power of the Court to fashion relief in the form of remand to the ABCMR should Johnson prevail on the merits of his claim. The Court, therefore, denies the government's motion to dismiss under Rules 12(b)(1) and 12(b)(6).

Nevertheless, Johnson cannot prevail on the merits of his claim. The ABCMR correctly interpreted Army Regulation 635-200 ¶ 2-6(b) not to apply to Johnson because he reached twenty years of service after he was recommended for separation. A plain reading of the regulation shows that the Army's obligation to provide an opportunity for a soldier to retire in lieu of separation is triggered only if the soldier reaches twenty years of service prior to being recommended for separation. Accordingly, the Court grants the government's motion for judgment on the administrative record and denies Johnson's cross-motion.

### A. Jurisdiction

Johnson brings his claim pursuant to 10 U.S.C. § 3914,[5] which states: "Under regulations to be prescribed by the Secretary of the Army, an enlisted member of the Army who has at least 20, but less than 30, years of service . . . may, upon his request, be retired." 10 U.S.C. § 3914. The government argues that this Court lacks jurisdiction over the claim because § 3914 is not money-mandating or, alternatively, because Johnson falls outside the class of plaintiffs entitled to recover. The Court disagrees.

Jurisdiction is a threshold issue that a court must resolve before proceeding to the merits of a case. *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004). When considering a motion to dismiss for lack of jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The Tucker Act confers upon this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Rather, to establish this Court's jurisdiction under the Tucker Act, a plaintiff must identify "a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). A source of law is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976) (quotations omitted). Further, the plaintiff must make a

[5] Johnson's complaint erroneously cites to 10 U.S.C. § 6323, which provides for discretionary retirement of officers of the Navy or Marine Corps. *See* Compl. at 1; 10 U.S.C. § 6323. In its motion, the government identifies 10 U.S.C. § 3914 as the Army equivalent that is applicable to Johnson's claim. Def.'s Mot. at 7 n.4. Section 3914 is now cited as 10 U.S.C. § 7314, which is identical to the old version aside from a cross-reference to another section of the code. The Court cites to the version in effect when Johnson filed his claim.

"nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Service, Inc. v. United States*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

The Army's retirement pay statutes provide the money-mandating source of law for Johnson's claim. *See* 10 U.S.C. §§ 3914, 3929. Under § 3914, a servicemember with between twenty and thirty years of active service "may, upon his request, be retired." 10 U.S.C. § 3914. Section 3929 provides that "[a] member of the Army retired under this chapter is *entitled* to retired pay[.]" 10 U.S.C. § 3929 (emphasis added). Section 3929 thus mandates payment to any servicemember retired under § 3914. Accordingly, where a plaintiff alleges an error with a decision (or lack thereof) to retire or not retire a servicemember under § 3914, as Johnson does here, the retirement pay statutes form the money-mandating basis for this Court's jurisdiction. *See Piotrowski v. United States*, 2014 WL 7476033, at *9 (Fed. Cl. Dec. 30, 2014), *aff'd,* 722 F. App'x 982 (Fed. Cir. 2018); *cf. Cedillo v. United States*, 37 Fed. Cl. 128, 129 (1997), *aff'd,* 124 F.3d 1266 (Fed. Cir. 1997).

This determination is in line with other decisions from this Court that have found discretionary military retirement statutes to be money-mandating. In *Piotrowski*, a former member of the Army brought a claim for retirement pay, arguing that he should have been retired under § 3914 instead of discharged for misconduct. *Piotrowski*, 2014 WL 7476033, at * 4. Before dismissing the case on timeliness grounds, the court held that the Army retirement statutes were money mandating because "[h]ad the Secretary of the Army approved [plaintiff's request to retire under § 3914], he would have been entitled to retirement pay pursuant to 10 U.S.C. § 3929." *Id.* at *9. The court in *Cedillo* used similar reasoning to exercise jurisdiction over the Air Force equivalent of § 3914. *See Cedillo*, 37 Fed. Cl. at 129 ("If [plaintiff] had been retired with an honorable discharge after twenty years of service he would have been immediately eligible for benefits.").[6] Further, the Federal Circuit has stated, albeit in nonbinding *dicta*, that "[r]etirement pay claims are brought under other money-mandating statutes," using as an example a statute that provided for discretionary retirement of Navy and Marine Corps officers. *See Lewis v. United States*, 458 F.3d 1372, 1376 n.2 (Fed. Cir. 2006); 10 U.S.C. § 8323.

The government argues, against this nonbinding precedent, that the permissive "may" of § 3914 makes payment under the statute discretionary, not mandatory. Def.'s Mot. at 9-11. While the determination of whether a soldier should be retired is discretionary, the retirement statutes plainly mandate payment upon a determination that a soldier should be retired. This provides a sufficient basis for jurisdiction. Should a plaintiff contest a matter purely within the discretion of the military, the government is free to challenge the claim as nonjusticiable, as it does in this case. *See infra* Section III.B. However, an inquiry into a claim's justiciability is separate from the jurisdictional inquiry, and a finding that a claim is nonjusticiable does not strip

[6] Both *Piotrowski* and *Cedillo* were affirmed by the Federal Circuit, but the Federal Circuit did not specifically address the money-mandating portion of either decision. *See Piotrowski*, 722 F.App'x 982; *Cedillo*, 124 F.3d 1266. As the government notes, courts are "not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio." *United States v. L.A. Trucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

the Court of its jurisdiction over a statute that, in certain circumstances, compels payment. *See Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993) ("Justiciability is distinct from jurisdiction."); *see also, e.g.*, *Antonellis v. United States*, 106 Fed. Cl. 112, 115-16 (2012), *aff'd*, 723 F.3d 1328 (Fed. Cir. 2013) (holding that the court had jurisdiction before dismissing as nonjusticiable a claim that sought review of a matter left to the discretion of the military). Therefore, the fact that § 3914 calls for some discretion by the Secretary of the Army does not remove Johnson's claim from the purview of this Court's jurisdiction.

Further, the Court is unconvinced by the government's argument that Johnson is not within the class of plaintiffs entitled to recover under § 3914 because of his failure to submit a (second) retirement request upon reaching twenty years of service. For the Court to exercise jurisdiction over a claim founded upon a money-mandating source of law, "all that is required is a determination that . . . the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter*, 525 F.3d at 1309. The government seeks to narrow the class of plaintiffs entitled to recover to servicemembers who have reached twenty years of service and who have also requested retirement. Whether the Army improperly caused Johnson not to submit a retirement request by not proactively giving him the opportunity, however, is the very issue in dispute. If Johnson's interpretation of Army Regulation 635-200 ¶ 2-6(b) is correct, the Secretary would have been required to consider his request to retire in lieu of separation. The government cannot avoid judicial review by arguing that its own perceived error deprives this Court of jurisdiction.

### B. Justiciability

The government next argues that Johnson's complaint should be dismissed under Rule 12(b)(6) because it fails to present a justiciable controversy. The Court agrees with the government that it cannot provide Johnson his requested relief in the form of lost retirement benefits, as that would require the Court to determine on its own that Johnson deserved to be retired—a decision that is left to the discretion of the military. The Court can, however, fashion appropriate relief in the form of remand to the ABCMR, thus rendering the claim justiciable.

Even where a court possesses jurisdiction over a claim, the claim must present a justiciable controversy that the court is competent to decide. *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995). A claim is justiciable when "the duty asserted can be judicially identified and its breach judicially determined, and . . . protection for the right can be judicially molded." *Baker v. Carr*, 369 U.S. 186, 198 (1962). In other words, the justiciability inquiry has two prongs: first, whether a court is competent to hear the type of claim at issue; and second, whether the court can provide appropriate relief. *See id.*

"Justiciability is a particularly apt inquiry when one seeks review of military activities." *Murphy*, 993 F.2d at 872. This is because "judges are not given the task of running the Army." *Orloff v. Willoughby*, 345 U.S. 83, 93-94 (1953). "The merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review." *Adkins*, 68 F.3d at 1322. Thus, courts have recognized that there are "thousands of . . . routine

personnel decisions regularly made by the services which are variously held nonjusticiable or beyond the competence of the court to wrestle with." *Voge v. United States*, 844 F.2d 776, 780 (Fed. Cir. 1988).

"[A]lthough the *merits* of a decision committed wholly to the discretion of the military are not subject to judicial review, a challenge to the particular *procedure* followed in rendering a military decision may present a justiciable controversy." *Adkins*, 68 F.3d at 1323 (emphasis in original). Even in areas wholly within its discretion, the military "is nevertheless bound to follow its own procedural regulations if it chooses to implement some." *Murphy*, 993 F.2d at 873. Thus, a challenge to a procedural matter is within a court's competence because "[t]he court is not called upon to exercise any discretion reserved for the military, it merely determines whether the procedures were followed by applying the facts to the statutory or regulatory ground." *Id.*

Johnson's allegation that the Army committed a procedural error in his separation proceedings satisfies the first prong of justiciability. Chapter 2 of Army Regulation 635-200 specifically governs "Procedures for Separation" that "will be followed when required by the specific reason or reasons for separation." *See* Army Reg. 635-200 ¶ 2-1(a). Johnson does not contend that the decision to separate him was incorrect but rather that the Army did not follow the proper procedures contained within ¶ 2-6(b) of the regulation. The Court is competent to decide such a claim.

As the government identifies, the relief requested by Johnson presents an issue with the second prong of justiciability—the Court's ability to mold appropriate relief. In his complaint, Johnson requests "compensation for his lost military retirement benefits in the form of retired pay, medical, commissary, exchange and education benefits[.]" Compl. at 13-14. Army Regulation 635-200 ¶ 2-6(b) requires that a soldier "be given the opportunity of applying for retirement," not that he is entitled to retirement upon application. *See* Army Reg. 635-200 ¶ 2-6(b). As such, Johnson would only be entitled to the retirement benefits that he requests upon a determination that he deserved to be retired rather than separated. Such a determination is the type of "routine personnel decision[]" that falls squarely within the sole discretion of the Army. *See Voge*, 844 F.2d at 780. Thus, even if the Court agrees that the Army committed a procedural error, Johnson's requested relief would require the Court to make that determination on its own, which is beyond its authority.

Though it cannot provide Johnson with his desired relief, the Court is not without the ability to grant relief in the form of remand, as provided by the Tucker Act:

> In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

28 U.S.C. § 1491(a)(2). If the Court were to determine that the Army committed a procedural error that removed from the Secretary the ability to consider Johnson's request to retire in lieu of separation, the Court can remand the matter to the ABCMR with instructions to consider such a

retirement request in the first instance. *See Roth v. United States*, 378 F.3d 1371, 1382 (Fed. Cir. 2004) ("[A] correction board may entertain any kind of application for correction.").

Because the Court is competent to determine whether the Army complied with its procedural regulations and can afford Johnson relief in the form of remand to the ABCMR, the Court finds that Johnson has presented a justiciable controversy.

### C. Merits of the Claim

Having denied the government's motion to dismiss, the Court moves to the parties' cross-motions for judgment on the administrative record based on their opposing interpretations of Army Regulation 635-200 ¶ 2-6(b). A plain reading of Army Regulation 635-200 ¶ 2-6(b) confirms the ABCMR's interpretation that it applies only to soldiers who have completed twenty years of creditable service prior to being recommended for separation by the separation board. Accordingly, the Court grants the government's motion for judgment on the administrative record.

Parties may move for judgment on the administrative record pursuant to RCFC 52.1, under which a court "make[s] factual . . . findings from the record evidence as if it were conducting a trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1354 (Fed. Cir. 2005). This Court reviews decisions by military correction boards based upon the administrative record under standards governed by the Administrative Procedure Act. *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009). Under such standards, a court must determine whether a board's decision is "arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations." *Melendez Camilo v. United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011) (quotations omitted). Thus, the inquiry before the court is whether the board, "given all the disputed and undisputed facts appearing in the record, acted in a manner that complied with the legal standards governing the decision under review." *Williams v. United States*, 116 Fed. Cl. 149, 157 (2014).

This Court construes a regulation in the same way as a statute. *Tesoro Haw. Corp. v. United States*, 405 F.3d 1339, 1346-47 (Fed. Cir. 2005) (citing *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 401, 414-15 (1945)). The Court's analysis of a regulation begins with the plain language of the regulation. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) ("As in all statutory construction cases, we begin with the language of the statute."). If the regulatory language is clear and unambiguous, then the Court does not need to conduct any further inquiry. *Roberto v. Dep't of Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006).

A comparison of the verb tenses used in Army Regulation 635-200 ¶ 2-6(b) shows that the regulation contemplates completion of the service-time requirement *before* the separation recommendation. Courts "ascribe significance to verb tense" when interpreting statutes and regulations. *See Carr v. United States*, 560 U.S. 438, 448 (2010) (citing Dictionary Act, 1 U.S.C. § 1). The Supreme Court has indicated that verbs in the present-perfect tense—which use the words "have" or "has"—"denot[e] an act that has been completed" at some point in the past.

*Barrett v. United States*, 423 U.S. 212, 216 (1976); *see also Bank of Am. Corp. v. United States*, 964 F.3d 1099, 1104 (Fed. Cir. 2020). In contrast, "'unless the context indicates otherwise[,] . . . words used in the present tense include the future as well as the present' but not the past tense[.]" *Frederick v. Shinseki*, 684 F.3d 1263, 1270 (Fed. Cir. 2012) (citing 1 U.S.C. § 1).

Army Regulation 635-200 ¶ 2-6(b) applies to a soldier who "*has* completed 20 or more years of active service . . . and for whom separation *is* recommended." Army Reg. 635-200 ¶ 2-6(b) (emphasis added). The regulation uses the verbs "has completed" in the present-perfect tense and "is recommended" in the present test, indicating a required chronological sequence of events—namely, completion of the act in the present-perfect tense (a soldier's reaching twenty years of service) before that of the act in the present tense (the separation recommendation). Here, it is undisputed that Johnson reached twenty years of service after the separation board recommended him for separation to HQDA. At the time of the separation recommendation, Johnson had not yet completed the requisite service time to trigger the Army's obligation under Army Regulation 635-200 ¶ 2-6(b) to afford him an opportunity to retire in lieu of separation.

Johnson's interpretation confuses the tenses of the regulation. The regulation does not obligate the Army to extend the benefit retroactively to a soldier who *has been recommended* for separation when that soldier *completes* twenty years of active service. Further, it does not require the Army to consider, prospectively, whether a soldier *will complete* twenty years of active service while the separation recommendation is pending. Had the Army intended such interpretations, it could have easily conveyed so through different wording. As written, the regulation does not apply to Johnson because he completed twenty years of service only after he was recommended for separation.

To the extent that a soldier's being "recommended for separation" can be interpreted to occur not at a single point in time (*i.e.*, the moment at which the separation board submits the recommendation to HQDA) but rather to continue until HQDA acts upon the recommendation, a reading of the regulation as a whole further confirms the ABCMR's interpretation. *See Griffin v. Sec'y of Veterans Affs.*, 288 F.3d 1309, 1330 (Fed. Cir. 2002) ("Challenged terms must be read in context of the regulation as a whole[.]"). Paragraph 2-6(b)(2) of the regulation requires that the application for retirement "will be attached *when the case is sent to HQDA* or a statement will be included that the Soldier was given the opportunity but declined to apply for retirement." Army Reg. 635-200 ¶ 2-6(b)(2) (emphasis added). This language plainly indicates that the regulation is triggered at the time the recommendation is sent to HQDA, not at some later date. Therefore, "when the case is sent to HQDA" serves at the point in time at which Johnson must have completed twenty years or more of service for the regulation to apply to him.

Paragraph 2-6(b)(2) is essential to Johnson's claim, as the Army's obligations under ¶ 2-6(b), standing alone, are unclear. Paragraph 2-6(b) requires only that a soldier "will be given the opportunity of applying for retirement" with no indication of what it means to "be given" such an opportunity. Army Reg. 635-200 ¶ 2-6(b). Paragraph 2-6(b)(2) is the portion of the regulation that imposes an obligation on the Army to forward a retirement application to HQDA. In other words, ¶ 2-6(b)(2) supplies the Army with the affirmative obligation that Johnson

alleges was breached. Unfortunately for Johnson's claim, it also makes abundantly clear that the regulation, as a whole, contemplates transmission of the separation recommendation to HQDA as the triggering event. At the time of the triggering event, Johnson had not completed the requisite twenty years of service, and thus the ABCMR was correct to conclude that Army Regulation 635-200 ¶ 2-6(b) was not applicable to his separation procedure.

The Court recognizes that such a reading of the regulation could lead to the unfortunate result that a soldier, such as Johnson, who is recommended for separation after nearly twenty years of honorable service, does not receive the same benefits as he would have had the separation recommendation occurred mere months or even days later. The Army must draw the line somewhere, however, and it is not the function of the Court to redraw that line but to apply the regulation as written.

## IV. CONCLUSION

For the reasons above, Defendant's motion to dismiss is **DENIED**. Defendant's motion for judgment on the administrative record is **GRANTED**. Plaintiff's cross-motion for summary judgment is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge